UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WILLIAM CASSADAY,

Plaintiff,

v.

RYAN ROSKEY, et al.,

Defendants.
______________________________/

CASE NO. 1:25-CV-1171

HON. ROBERT J. JONKER

KEVIN WILLIAM CASSADAY,

Plaintiff,

v.

JEROME W. ZIMMER, JR.

Defendants.
______________________________/

CASE NO. 1:26-CV-484

HON. ROBERT J. JONKER

**OPINION AND ORDER**

**INTRODUCTION**

Kevin William Cassay has filed quite literally dozens of lawsuits in this district since 2021. The numbers tell only part of the story because he has also bogged down the docket across his cases with irrelevant and non-responsive filings. More troubling is that when the Court did not act to his satisfaction, Mr. Cassaday began calling the chambers staff of several judicial officers in this district with diatribes that contained threatening language and culminated with a federal conviction and imprisonment.

The filings slowed, but did not stop, while he was a prisoner in BOP custody. In fact, he soon became subject to the "three-strikes" provision of the Prison Litigation Reform Act that barred him from proceeding *in forma pauperis*. Then Mr. Cassaday filed three more cases after he was released from BOP custody. At that point, the PLRA's "three strikes" provision no longer applied to him. But a September 2, 2021, restriction that denied Mr. Cassaday the privilege of proceeding *in forma pauperis* in any future lawsuits filed in the Western District of Michigan did apply. And all three cases were subsequently dismissed after the Court applied the filing restriction and Mr. Cassaday failed to timely pay the $405 filing fee.

Mr. Cassaday appealed those dismissals, and in one case he sought reconsideration that included a challenge to his filing restriction. In an April 20, 2026, Order the Court denied the motion to reconsider, but did determine, on its own initiative, to modify the filing restriction to impose a pre-screening review before Mr. Cassaday would be permitted to proceed *in forma pauperis* in any further proceeding. An Order from the Sixth Circuit Court of Appeals has since indicated that this modified restriction does not absolutely bar Mr. Cassaday from filing suit in this district, and accordingly the restriction does not interfere with his right of access to the Courts.

In the above two captioned cases, the Sixth Circuit Court of Appeals has vacated the Court's dismissals of Mr. Cassaday's complaints under the original filing restriction and remanded for the purpose of determining whether the complaints would survive screening under the April 20, 2026, modification. Below, the Court lays out the procedural history of Mr. Cassaday's complaints. This background conclusively demonstrates the continued necessity of a filing restriction to curb the frivolous, malicious and vexatious filings. The Court further determines that neither of the above two captioned cases survives screening under the April 20, 2026,

modification. Accordingly, the Court denies Mr. Cassaday the privilege of proceeding *in forma pauperis* in these cases.

## BACKGROUND

### *1. Leadup to the September 21, 2021, Filing Restriction*

*A. Communications with State Court and Law Enforcement Employees*

In the summer of 2021, Mr. Cassaday sent a series of malicious and threatening messages to state court and law enforcement employees. The PSR in his criminal case, *United States v. Cassaday*, No. 1:23-cr-43 ECF No. 171 (W.D. Mich.), details some of the many communications he sent. For example, on June 11, 2021, Mr. Cassaday sent an email to the Michigan Court of Appeals and Court of Claims clerks stating:

> *You are abusing me, your pedestal is imaginary to abuse me and degrade me And threats of violence from me are JUSTIFIED.*

*United States v. Cassaday*, Case No. 1:23-cr-43 (W.D. Mich.) (PSR ¶ 27).

On July 30, 2021, Mr. Cassaday sent another email to court clerks stating:

> *You fucks are a waste of fucking space, get off your lazy fucking fat ass and die*

(*Id.* at ¶ 28).

On August 2, 2021, Mr. Cassaday sent another email to the state court employees stating:

> *You are fucking worthless as I get terrorized you fucking useless prick, you are scum. You can board the ARK in KY you fucking useless fucking terrorist…You are fucking worthless fucking slime and anyone I kill is self defense. So fuck you.*

(*Id.* at ¶ 29).

On August 5, Mr. Cassaday sent yet another email stating:

> *I should kill you all…fuck you all I want the clerk dead!*

(*Id.* at ¶ 30).

The PSR details additional communications of similar nature in the ensuing days and weeks.

*B. Initial Round of Federal Lawsuits*

On August 19, 2021, Mr. Cassaday filed seventeen pro se federal civil lawsuits in this district.[1] Seven days later he filed six more cases.[2] Four days later he filed two more.[3] In each of the twenty-five cases Mr. Cassaday sought, and was granted leave, to proceed *in forma pauperis*. Under this Court's routine practice, each case was referred to a magistrate judge to determine under 28 U.S.C. § 1915(e)(2) whether the complaint was frivolous, malicious, or failed to state a claim on which relief could be granted.

On August 26, 2021, August 27, 2021, and September 1, 2021, a Magistrate Judge issued Reports and Recommendations in most[4] of the twenty-five cases Mr. Cassaday had filed. In each

[1] These are: (1) *Cassaday v. United States Government*, No. 1:21-cv-708 (W.D. Mich.); (2) *Cassaday v. Trump*, No. 1:21-cv-710 (W.D. Mich.); (3) *Cassaday v. Great Lakes Center of Rheumatology*, No. 1:21-cv-711 (W.D. Mich.); (4) *Cassaday v. Meridian Professional Psychological Consultant*, No. 1:21-cv-712 (W.D. Mich.); (5) *Cassaday v. Sparrow Health System*, No. 1:21-cv-713 (W.D. Mich.); (6) *Cassaday v. Facebook*, No. 1:21-cv-714 (W.D. Mich.); (7) *Cassaday v. AT&T, Inc.*, (W.D. Mich.); (8) *Cassaday v. Verizon Media*, No. 1:21-cv-716 (W.D. Mich.); (9) *Cassaday v. Loepp*, No. 1:21-cv-717 (W.D. Mich); (10) *Cassaday v. Shirkey*, No. 1:21-cv-718 (W.D. Mich); (11) *Cassaday v. Hawks*, No. 1:21-cv-719 (W.D. Mich.); (12) *Cassaday v. Governmental Consultant Services*, No. 1:21-cv-720 (W.D. Mich.); (13) *Cassaday v. Covenant Healthcare*, No. 1:21-cv-721 (W.D. Mich.); (14) *Cassaday v. Dow Chemical Co.,* No. 1:21-cv-722 (W.D. Mich.); (15) *Cassaday v. Henry Ford Allegiance Health Inc.*, No. 1:21-cv-723 (W.D. Mich.); (16) *Cassaday v. Michigan Medicine*, No. 1:21-cv-724 (W.D. Mich.); and (17) *Cassaday v. Mid Michigan Health*, No. 1:21-cv-725 (W.D. Mich.).

[2] These are: (1) *Cassaday v. Michigan State University*, No. 1:21-cv-748 (W.D. Mich.); (2) *Cassaday v. Michigan*, No. 1:21-cv-749 (W.D. Mich.); (3) *Cassaday v. Hawks*, No. 1:21-cv-750 (W.D. Mich.); (4) *Cassaday v. Michigan State Police*, No. 1:21-cv-751 (W.D. Mich.); (5) *Cassaday v. Michigan Marijuana Regulatory Agency*, No. 1:21-cv-752 (W.D. Mich.); and (6) *Cassaday v. Michigan Workers Disability Compensation Agency*, No. 1:21-cv-753 (W.D. Mich.)

[3] These are: (1) *Cassaday v. Federal Bureau of Investigation*, No. 1:21-cv-759 (W.D. Mich.); and (2) *Cassaday v. Weiser*, No. 1:21-cv-760 (W.D. Mich.).

[4] Reports and Recommendations in the remaining cases were entered on September 27, 2021. These are Case Nos. 1:21-cv-715; 1:21-cv-719; 1:21-cv-759; and 1:21-cv-760.

case, the Magistrate Judge recommended dismissal based on the conclusory and threadbare allegations in Mr. Cassaday's complaints. The Magistrate Judge further determined that the numerous cases with the same underlying deficiency constituted an abuse of the privilege of proceeding *in forma pauperis*. Consequently, the Magistrate Judge recommended the Court prohibit Mr. Cassaday from proceeding *in forma pauperis* in any future proceedings in this Court. *See, e.g.*, Report and Recommendation, *Cassaday v. United States Government*, No. 1:21-cv-708, ECF No. 7, PageID.22 (W.D. Mich. Aug. 26, 2021).

It appears the first order regarding the Magistrate Judge's Reports and Recommendations entered on September 2, 2021, in Case No. 1:21-cv-708. In particular, the district judge adopted, over Mr. Cassaday's objections, the Magistrate Judge's recommended dismissal as well as the recommended filing restriction barring Mr. Cassaday from proceeding *in forma pauperis* in future lawsuits. A week later, on September 10, 2021, Mr. Cassaday filed a typed response on the Court's Judgment, as follows:

> *Plaintiff objects to your dumbass [Judge's name] . . . .*
>
> *If you take advantage of me you will anyone, you need a real labor job in life, you ant farmer. You clearly are too dumb for your role in dictating others lives you prick.*
>
> *You are obnoxiously racist piece of shit.*

Case No. 1:21-cv-708 (W.D. Mich. filed Sept. 10, 2021).

***2. Mr. Cassaday's Threatening Phone Calls to Federal Judicial Chambers***

On August 18, 2021, the day before Mr. Cassaday had even started to file his cases, Mr. Cassaday began calling the chambers of judicial officers in this district. As set out in the PSR in his criminal case, *United States v. Cassaday*, No. 1:23-cr-43 ECF No. 171 (W.D. Mich.), Mr. Cassaday demanded to speak to the judicial officer directly, which would be an improper *ex parte*

communication. Then on September 10, 2021, about a week after the first order adopting Report and Recommendation issued, Mr. Cassaday called the authoring judge's chambers and left a lengthy email that ended with the following statement: *"Because you really don't get it and you won't stop . . . You guys are all harassing the fuck out of me and I've had enough! I've had enough!*" (PSR ¶ 19)).

Mr. Cassaday called the judge's chambers again on September 17, 2021 (*Id.* at ¶ 20) and on three more occasions around September 20, 2021 (*Id.* at ¶ 21). Then on October 15, 2021, Mr. Cassaday left a voicemail with the chambers of the judge authoring the September 2, 2021, Order Adopting the Magistrate Judge's Report and Recommendation. The voicemail concluded as follows:

> *So, either you guys get your shit together, or I'm going to get my guns and we're going to have a party.*

(PSR ¶ 25).

This conduct resulted in the issuance of a criminal complaint and a warrant for Mr. Cassaday's arrest dated October 27, 2021. Mr. Cassaday was subsequently indicted on several federal charges.

***3. Another Round of Federal Lawsuits While in Pretrial Custody***

While the criminal case proceeded, Mr. Cassaday continued to prosecute his twenty-five lawsuits filed in this district. A survey of those cases reflects that many of them did not proceed smoothly, and required the Court to expend additional time and resources. For example, in *United States v. Loepp*, Case No. 1:21-cv-717 (W.D. Mich.). Mr. Cassaday filed an Objection to the August 27, 2021, Report and Recommendation (ECF No. 8) and also a First Amended Complaint. (*ID.* at ECF No. 11). The Court accepted the amended filing, which rendered the R&R moot. But then Mr. Cassaday filed another filing that was an unauthorized submission, but still required

the Court to set aside its previous order and examine the issues anew. (*Id.* at ECF No. 20); *see also Cassaday v. AT&T*, Case No. 1:21-cv-715 (W.D. Mich.) (reflecting amended and second amended filings after R&R issued). While the timetable varied, all twenty-five lawsuits resulted in dismissals on initial screening for failure to state a claim.

Mr. Cassaday filed another slew of lawsuits while he was in pretrial custody in connection with the criminal case. Some related to his criminal proceedings. For example, in *Cassaday v. United States*, No. 1:22-cv-242 (W.D. Mich.), Mr. Cassaday sought to challenge the detention decision in his criminal case via a habeas corpus petition. The Court denied the petition on March 28, 2022, noting that, at a minimum, Mr. Cassaday was required to exhaust his challenge to the detention decision in his criminal case. (*Id.* at ECF No. 4). And Mr. Cassaday proceeded to file an additional five habeas petitions while in pretrial custody that were all uniformly denied.[5]

But Mr. Cassaday also filed an additional thirteen other civil cases through June 2023.[6] At this point and since Mr. Cassaday was in federal custody, the Court did not enforce the September 2, 2021, filing restriction. Instead, it enforced the provisions of the PLRA that required Mr. Cassaday either to file a certified copy of a prisoner trust account statement and an

---

[5] These are: (1) *Cassaday v. Mendham*, No. 1:22-cv-723 (W.D. Mich.); (2) *Cassaday v. Mendham*, No. 1:22-cv-840 (W.D. Mich.); (3) *Cassaday v. Mendham*, No. 1:22-cv-951 (W.D. Mich.); (4) *Cassaday v. Woods*, No. 1:22-cv-1044 (W.D. Mich.); and (5) *Cassaday v. Mendham*, No. 1:23-cv-403 (W.D. Mich.).

[6] These are: (1) *Cassaday v. Commissioner of Social Security*, No. 1:22-cv-334 (W.D. Mich.); (2) *Cassaday v. United States*, No. 1:22-cv-393 (W.D. Mich.); (3) *Cassaday v. United States District Court*, No. 1:22-cv-394 (W.D. Mich.); (4) *Cassaday v. Pure Options*, No. 1:22-cv-532 (W.D. Mich.); (5) *Cassaday v. Food and Drug Administration*, No. 1:22-cv-558 (W.D. Mich.); (6) *Cassaday v. Trump*, No. 1:22-cv-682 (W.D. Mich.); (7) *Cassaday v. Newaygo County Jail*, No. 1:22-cv-683 (W.D. Mich.); (8) *Cassaday v. Luebs*; No. 1:22-cv-763 (W.D. Mich.); (9) *Cassaday v. Wriggelsworth*, No. 1:22-cv-770 (W.D. Mich.); (10) *Cassaday v. Shirkey*, No. 1:22-cv-771 (W.D. Mich.); (11) *Cassaday v. United States*, No. 1:22-cv-783 (W.D. Mich.); (12) *Cassaday v. Unknown*, No. 1:22-cv-849 (W.D. Mich.); and (13) *Cassaday v. Brozanski*, No. 1:23-cv-550 (W.D. Mich.)

affidavit of indigence to proceed *pro se*, or pay the requisite filing fee. *See, e.g.*, Order, *Cassaday v. Commissioner*, No. 1:22-cv-334 (W.D. Mich. Apr. 20, 2022). His first few cases faltered from the start.[7]

But in *Cassaday v. Pure Options*, No. 1:22-cv-532 (W.D. Mich.), Mr. Cassaday sought for and was granted leave to proceed pro se. His complaint was then dismissed on July 11, 2022, because it was frivolous and failed to state a claim. (*Id.* at ECF No. 8). The same result issued in another case, *Cassaday v. Food & Drug Administration*, No. 1:22-cv-558 (W.D. Mich. July 11, 2022); and again in *Cassaday v. Trump*, No. 1:22-cv-682 (W.D. Mich. Aug. 3, 2022). And at that point, Mr. Cassaday had filed three federal lawsuits while in custody that were dismissed as frivolous. Accordingly, beginning no later than September 6, 2022, his subsequent civil lawsuits were barred by the PLRA's "three-strikes" rule because Mr. Cassaday had filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. *See* Order, *Cassaday v. Shirkey*. No. 1:22-cv-771 (W.D. Mich. September 6, 2022). His remaining lawsuits that were filed while in custody were all dismissed under the three-strikes provision.[8]

---

[7] To be specific, Mr. Cassaday's first two cases were dismissed after he failed to pay the filing fee or submit the requisite materials to proceed pro se. *See, e.g.*, *id.* at ECF Nos. 6-7.; *see also* Order, *Cassaday v. United States District Court*, No. 1:22-cv-394 (W.D. Mich. June 8, 2022).

[8] In addition to these lawsuits, filed during pretrial detention, Mr. Cassaday filed four post-trial habeas petitions under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. These are: (1) *Cassaday v. United States*, No. 1:23-cv-825 (W.D. Mich.); (2) *Cassaday v. United States*, No. 1:23-cv-1122 (W.D. Mich.); (3) *Cassaday v. United States*, No. 1:24-cv-375 (W.D. Mich.); and (4) *Cassaday v. United States*, No. 1:25-cv-255 (W.D. Mich.). Each of these cases were dismissed as premature because Mr. Cassaday had either not yet been sentenced or had a direct appeal pending. The Sixth Circuit Court of Appeals affirmed Mr. Cassaday's criminal conviction on May 16, 2025. *United States v. Cassaday*, No. 23-1914 (6th Cir. May 16, 2025). It does not appear that Mr. Cassaday pursued a collateral attack after that decision.

***4. Mr. Cassaday's Post-Release Lawsuits***

It appears that Mr. Cassaday was released from the federal correctional facility in May 2024, and was released from the RRC on supervised release on October 10, 2024. Mr. Cassaday has since filed three additional lawsuits in this district.[9] Because Mr. Cassaday was no longer in custody, the "three-strikes" provision of the PLRA no longer applied to him. But the September 2, 2021, filing restriction was still on file. Accordingly, in the first two cases Mr. Cassaday filed, the Court entered an order of dismissal after Mr. Cassaday failed to pay the filing fee within the time allotted. *See,* Order, *Cassaday v. Roskey,* No. 1:25-cv-1171, ECF No. 14 (W.D. Mich. Mar. 5, 2026); Order, *Cassaday v. Zimmer*, No. 1:26-cv-484 (W.D. Mich. Mar. 13, 2026). Mr. Cassaday appealed the dismissals in both cases.

A slightly different result issued in the third, and most recent, case filed by Mr. Cassaday. In that case, the Court entered an Order enforcing the September 2, 2021, filing restriction and requiring payment of the full filing fee to avoid dismissal. Mr. Cassaday then sought reconsideration of the Court's order that enforced the filing fee. On April 20, 2026, the Court denied the motion for reconsideration to the extent it sought to vacate the filing restriction. Based on its own review of the materials, however, the Court modified the filing restriction to enjoin him from filing any new civil action in the Western District of Michigan unless the reviewing judicial officer first determines that the complaint would survive screening under section 1915(e)(2). *See* Order, *Cassaday v. Luebs*, No. 1:26-cv-805, ECF No. 9 (W.D. Mich. Apr. 20, 2026). The Court included two additional specifications. First, the Court noted that to preserve Court time and resources, only a basic explanation (rather than a full analysis) would suffice. Second, the Court

---

[9] These are: (1) *Cassaday v. Roskey*, No. 1:25-cv-1171 (W.D. Mich.); (2) *Cassaday v. Zimmer*, No. 1:26-cv-484; and (3) *Cassaday v. Luebs*, No. 1:26-cv-805 (W.D. Mich.).

expressly cautioned Mr. Cassaday that the filing of further frivolous pleadings could result in additional sanctions, including monetary penalties that would be required to be paid before he would be permitted to bring any future lawsuit. (*Id.*).

On August 11, 2026, Mr. Cassaday was denied leave to proceed *in forma pauperis* on appeal. As reflected from the Order from the Sixth Circuit Court of Appeals, Mr. Cassaday's appeal would lack an arguable basis in law. The filing restriction as modified did not absolutely bar Mr. Cassaday from filing suit in the Western District of Michigan, and accordingly did not interfere with his right of access to the courts. Furthermore, the decision determined that Mr. Cassaday's complaint failed to state a claim for relief. *See* Order, *Cassaday v. Luebs*, No. 26-1416 (6th Cir. Aug. 11, 2026). It appears a motion for reconsideration is currently pending in that case with the Sixth Circuit.

In the other two cases, the Sixth Circuit Court of Appeals has vacated the Court's orders of dismissals based on the September 2, 2021, filing restriction and remanded for a determination of whether Mr. Cassaday's complaints survive screening under current filing restriction. *See* Order, *Cassaday v. Roskey*, No. 26-1272 (6th Cir. Aug. 11, 2026); Order, *Cassaday v. Zimmer*, No. 26-1349 (6th Cir. Oct. 13, 2026). The matter is accordingly before the Court in these two matters on whether Mr. Cassaday's complaints survive the current filing restriction.

## DISCUSSION

### *1. Continued Necessity of a Filing Restriction*

As set out more fully in the Court's April 20, 2026, Order in the most recent *Leubs* case, the record of Mr. Cassaday's filings in this district demonstrates the continued necessity of filing restrictions to protect court time and resources. He has filed numerous cases, none of which have proceeded past screening. And as more fully discussed below, his most recent cases are simply

regurgitations of numerous grievances he has accumulated over the years that largely express a fanciful and conclusory belief that various individuals and entities are somehow conspiring to deprive him of his rights. The Court adheres to its previous decision to impose the modification filing restriction and to advise Mr. Cassaday that the filing of continued malicious and/or frivolous pleadings could result in additional restrictions and sanctions.

***2. Application of Filing Restriction to the Two Open Cases***

The Court next turns to whether Mr. Cassaday's pleadings in the two open cases survive the current filing restriction that requires a determination of whether Mr. Cassaday's pleadings survive the standards of section 1915(e)(2). For the reasons discussed below, the Court concludes that neither case survives scrutiny under this review because it is frivolous, malicious, and fails to state a claim on which relief may be granted.

*A Cassaday v. Roskey*

Mr. Cassaday filed a complaint on October 1, 2025, against FBI Special Agent Ryan Roskey, US Special Attorney Christopher Rawsthorne, and Ingham County Sheriff Scott Wrigglesworth. He alleges violations of his First, Fourth, Fifth Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights, as well as various criminal statutes found at 18 U.S.C. §§ 241-242; 1512 and 1513. A review of the document reflects that he is challenging events related to the criminal investigation and subsequent jury trial. Mr. Cassaday alleges that Defendant Roskey "pained" him during his arrest; that Defendant Rawsthorne conducted a vindictive prosecution; and that Defendant Wrigglesworth lied on the stand during Mr. Cassaday's criminal trial. Mr. Cassaday alleges the following in support of his claims:

> 2019 Mr. Cassaday reached out the US FBI & told them to "pay attention," as he feared retaliation & or dissolution of assets & evidence would transpire.
> Mr. Cassaday was poisoned by the State of MI Marijuana Regulatory Agency, he reported the events to authorities to no avail., most of the events took place in Ingham County The above defendants assisted in covering up the truth & the events to incarcerate Mr. Cassaday, 10-27-2021 Roskey pained Mr. Cassaday during arrest, when told so he pained Cassaday even more in attempt to incite a reason to rough him up. The above defendants conspired to martyr Mr. Cassaday through the courts & government, successful to date 9-2025, obstructing justice as these individuals want to abuse & torment Mr. Cassaday to no end for their actual adverse conduct.

(ECF No. 1, PageID.4). Mr. Cassaday seeks twenty-billion dollars in actual and punitive damages. (ECF No. 1, PageID.5).

Mr. Cassaday has since filed two motions to amend his complaint. (ECF Nos. 10, 11). In his first amended pleading, Mr. Cassaday proposes to bring a Fifth Amendment Due Process claim; a Fourth Amendment unreasonable seizure claim, and a Fourteenth Amendment Due Process claim against the defendants. The pleading is conclusory and vague. Mr. Cassaday alleges that "Defendants knowingly engaged in actions that interfered with Plaintiff's constitutional rights;" that "Defendants acted intentionally, recklessly, or with deliberate indifference to Plaintiff's rights;" and that "Plaintiff was subjected to improper restraints, false representations, and deprivation of liberty interests without due process of law." (Proposed First Am. Compl. ¶¶ 13-15, ECF No. 10-1, PageID.37). That is the extent of the factual allegations in that proposed pleading.

Two weeks later, Mr. Cassaday filed the second motion to amend. In that pleading Mr. Cassaday proposes to drop Defendant Wrigglesworth and substitute Deputy U.S. Marshal Goenveld. Mr. Cassaday seeks to bring four claims: (1) Fourth Amendment against Defendants Roskey and Goenveld; (2) Excessive Force against Defendant Roskey; (3) Fifth Amendment Fabrication / Suppression of Evidence; and (4) Conspiracy. In support of his claims, he alleges that on September 23, 2021, Defendants Roskey and Groenveld came to Mr. Cassaday's residence

to ask him about his "intent"[10] Mr. Cassaday demanded they leave, but Defendant Roskey held the storm door of Mr. Cassaday's residence open. After Mr. Cassaday complained about the encounter, he says that Defendant escalated the investigation into a criminal prosecution. Mr. Cassaday was then arrested on October 27, 2021, and he says that Defendant Roskey used force causing pain in effectuating the arrest. He says that he did not see a warrant for his arrest until at least a year later, and that during the investigation and subsequent proceedings Defendant Rawsthorne suppressed certain materials in which Mr. Cassaday disclaimed any intent.

Neither Mr. Cassaday's original complaint in this case, nor his two subsequent amendments, pass the current filing restriction applicable to Mr. Cassaday.[11] For one thing, to

---

[10] This encounter is also described in Mr. Cassaday's criminal PSR. Recall at this point Mr. Cassaday had filed twenty-five frivolous lawsuits in this district and had left several troubling voicemails with the chambers of the judicial officer authority the first dismissal. *See* PSR ¶¶ 16-21, *United States v. Cassaday*, No. 1:23-cr-43, ECF No. 171, PageID.1426-1427 (W.D. Mich. Oct. 16, 2023).

[11] On September 17, 2026, a Magistrate Judge issued a Report and Recommendation that recommended dismissing Mr. Cassaday's complaint under the current filing restriction. (ECF No. 22). Mr. Cassaday has filed an objection (ECF No. 23). In the main, Mr. Cassaday objects that the Magistrate Judge did not consider the two amended pleadings he subsequently filed. The Court has reviewed de novo the Report and Recommendation and Mr. Cassaday's objections. *See* Fed. R. Civ. P. 72(b)(3); *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct. Mr. Cassaday's objections fail to take into account the current screening filing restriction. Under that restriction, a judicial officer faced with a motion for proceed in forma pauperis from Mr. Cassaday must review the complaint to determine whether it survives screening under section 1915(e)(2). If it does not, the Court will order the payment of the full filing fee to proceed with the lawsuit. While it is true that under Rule 15(a)(1) a party may generally amend a pleading once as a matter of course within certain specified time limits, nothing within that rule relieves Mr. Cassaday of the obligation under the current filing restriction to pay the full filing fee to proceed with his lawsuit if a judicial officer determines the original complaint would not survive screening. If it were otherwise, it would diminish the filing restriction and permit Mr. Cassaday to receive an advisory opinion and, having received the benefit of the Court's analysis, try again with serial amended pleadings. Nevertheless, given the unique posture of this case on remand, the Court acknowledges the two pleadings were filed before the Court's review under the current restriction. But for the reasons explained more fully above, neither of the two amended pleadings survive the modified restriction either. Indeed, the proposed First Amended Complaint (ECF No. 10-1) is entirely bereft of any factual allegations at all.

the extent Mr. Cassaday is complaining about events taking place in 2021, his constitutional claims arising under Section 1983 are time barred. And he has failed to demonstrate that his criminal proceeding resolved in his favor or his convictions set aside, which is generally a necessary component for malicious prosecution claims.[12] At other points, it appears that Mr. Cassaday may be challenging his federal convictions and sentence; however none of the causes of actions he invokes would allow him to do so. Beyond that, and across the three pleadings in this case, Mr. Cassaday has failed to allege sufficient details to state a plausible claim on any of the asserted theories. At bottom it appears all his allegations stem from a belief that Defendants somehow assisted in a cover up in a 2019 poisoning plot by the State of Michigan Marijuana Regulatory agency, but as a matter of fact speculative and patently frivolous. Mr. Cassaday has previously filed lawsuits about this alleged plot, and such lawsuits have been dismissed as frivolous. *See, e.g.*, *Cassaday v. MI Marijuana Regulatory Agency*, No. 1:21-cv-752 (W.D. Mich. Nov. 24, 2021) (Order Adopting Report and Recommendation); *Cassaday v. State of Michigan*, No. 1:21-cv-749 (W.D. Mich. Nov. 23, 2021) (Order Adopting Report and Recommendation). Res judicata principles accordingly apply, and Mr. Cassaday's repeated pursuit of this frivolous claim moves this case across the threshold to maliciousness as well.

Accordingly, the Court concludes that none of the pleadings in *Cassaday v. Roskey*, Case No. 1:25-cv-1171 (W.D. Mich.) survive screening under the current filing restriction appliable to Mr. Cassaday.

---

12 It is also belied from the record in Mr. Cassaday's criminal proceedings, which reflects that portions of the recordings were played at trial included Mr. Cassaday's statement "I ain't threatening nothing." (Trial Transcript vol. III, 9-10, *United States v. Cassaday*, No. 1:23-cr-43, ECF No. 151, PageID.1702-1703 (W.D. Mich. Aug. 15, 2023).

*B.* *Cassaday v. Zimmer*

In *Cassaday v. Zimmer*, Mr. Cassaday seeks purportedly prospective relief against the Clerk of the Michigan Court of Appeals, the Clerk of the Michigan Supreme Court, and various unnamed state officials all in their official capacities. As set out in his complaint, and in the attached materials, it appears that on May 21, 2021, a Michigan Court imposed a pre-filing screening restriction on Mr. Cassaday. (ECF No. 1-4, PageID.25). Earlier, and it appears unrelatedly, the Chief Judge of the Michigan Court of Appeals imposed a sanction of $500 for Mr. Cassaday's "abusive and indecent filings." (ECF No. 1-5, PageID.27). After Mr. Cassaday failed to pay those costs, the Chief Judge then directed the Clerk "to reject without accepting any filings by, or on behalf of, Kevin Cassaday in any non-criminal matter until he has made the $500 payment required by this Court's May 19, 2021 order." (ECF No. 1-6, PageID.29).

In his Complaint, Mr. Cassaday alleges Defendants have used the latest order to enact "a system-wide bar that prevented [him] from filing pleadings . . . unless and until the fine was paid." (ECF No. 1, PageID.8). He says he was "not provided with a meaningful mechanism to obtain individualized judicial review of the ongoing enforcement" of the filing restriction." (*Id.*). He claims he was unable to immediately pay the fine, but admits that he paid the fine in 2024 and now has the ability to file lawsuits in State Court, but he claims that the "payment does not ease the completed injury caused by years of foreclosure of access."

Mr. Cassaday's claims here are patently barred by Eleventh Amendment and judicial immunity. *Ex parte Young* does not provide otherwise. For one thing, as he admits, the restriction against his has been lifted, and so Mr. Cassaday lacks standing to challenge the court's order. And as the Supreme Court recently explained, *Ex Parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks" in any event. *Whole*

*Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Beyond that, Mr. Cassaday fails to state a claim because he has not plausibly alleged that the restriction absolutely barred him from accessing the state courts. He has not alleged that he attempted, to no avail, from challenging the restriction within the state court or argued in those proceedings that he was unable to pay. This is generally a necessary prerequisite to advance the constitutional claim. *See Dominguez v. Scott*, 265 F.3d 1058 (5th Cir. 2001) (noting plaintiff with similar filing restriction's access to the court "was *not* denied; instead it was postponed" and declining to reach constitutional question where the Plaintiff had not sought to modify the restriction); *see also Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) ("The standard of poverty under the IFP statute requires a relatively minimal amount of sacrifice; it does not require an applicant to give up every amenity of life. If a plaintiff has incurred sanctions for misconduct, a more stringent standard for allowing him to proceed with his case is appropriate because a he has been given access to the courts and has abused that privilege.").

Accordingly, courts regularly enter filing restrictions, similar to the one imposed by the state court, that enforce a previous sanction order before permitting a litigant to proceed in a new proceeding. *See, e.g.*, *Galka v. Cooper*, No. CIV.A. 11-13089, 2013 WL 1499576, at *5 (E.D. Mich. Apr. 10, 2013) ("To make the imposition of fines meaningful, courts may require payment of fines as a condition to filing a new action."). The Court observes the Sixth Circuit Court of Appeals has found no abuse of discretion when courts enter similar orders. *See, e.g.*, *McDonald v. Cooper,* 471 F. App'x 494 (6th Cir.2012) (holding that district court did not abuse its discretion in barring plaintiff from filing future civil cases until he paid a $1,000 sanction). Indeed, in at least one decision a panel of the Sixth Circuit Court of Appeals has decided to impose a similar restriction to deter frivolous filings. *See Hyland v. Stevens,* 37 F. App'x 770, 772 (6th Cir. 2002)

(entering order enjoining vexatious litigant "from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed" in a previous proceeding) (emphasis added).

For all these reasons, the Court determines Mr. Cassaday has failed to state a claim under any of the theories he invokes and accordingly his complaint does not survive screening under the current filing restriction appliable to him.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. The Court **reaffirms** the April 20, 2026, Order imposing a pre-filing screening restriction on Mr. Kevin Cassaday.
2. In *Cassaday v. Roskey*, No. 1:25-cv-1171 (W.D. Mich.):
    a. The Magistrate Judge's Report and Recommendation (ECF No. 22) is **APPROVED AND ADOPTED** to the extent it determines Mr. Cassaday's complaint would not survive screening under the current filing restriction.
    b. Applying the current restriction, Mr. Cassaday's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED** because the pleadings in this case are frivolous, malicious, or fail to state a claim under section 1915(e)(2).
    c. Mr. Cassaday shall pay the full $405 filing fee no later than **October 27, 2026.** Failure to timely pay the filing fee will result in a dismissal of this case.
3. In *Cassaday v. Zimmer*, No. 1:26-cv-484 (W.D. Mich.):
    a. Applying the current restriction, Mr. Cassaday's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED** because the pleadings in this case are frivolous, malicious, or fail to state a claim under section 1915(e)(2).

b. Mr. Cassaday shall pay the full $405 filing fee no later than **October 27, 2026.**

Failure to timely pay the filing fee will result in a dismissal of this case.

**IT IS SO ORDERED.**

Dated: October 19, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE